1

2   Michael Breiling, OSB 952180
    Attorney for Plaintiff
3   225 SW Emigrant
    Pendleton, Oregon 97801
4   541 278-9625
5   michaelbreiling@yahoo.com

6

7

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF OREGON

10                   PENDLETON DIVISION

11
   _____

12  CHRISTOPHER CLARK, an
    Individual,                          Case No.
13                     Plaintiff,
                                         COMPLAINT
14         v.                            (Fair Labor Standards Act, 29 USC sec.
                                         200 et seq, Penalty Wages, ORS
15  LINDELL AUTO SALVAGE, INC.           652.150)
                    Defendant.
16  AND                                  Jury Trial Requested
    DAVID LINDELL, an Individual
17                    Defendant
    AND
18  TERRY LINDELL, an Individual
                    Defendant
19
   _____

20                 JURISDICTION AND VENUE

21                          1.

22        The claims in this case arise under the Fair Labor Standards Act (FLSA) and

23  therefore jurisdiction is proper pursuant to 28 USC 1331 and 29 USC 216.  The pendent

24

PAGE 1 –COMPLAINT

1
2   state law claim stems from a common nucleus of operative fact and therefore this court
3   may exercise jurisdiction over them under 29 USC 1367

2.

4
5   The acts giving rise to these claims took place in Pendleton, Oregon. Venue is
    therefore appropriate in the Pendleton Division of the District of Oregon.
6
7                              PARTIES

3.

8
9   Plaintiff Christopher Clark is a citizen of the United States residing in the County of
10  Umatilla, State of Oregon and was an employee of the defendants within the meaning of
    the FLSA, 29 USC 201 *et seq* by Defendants  until September 30, 2016.
11

2.

12
13  Defendant Lindell Auto Salvage Inc. is an Oregon Corporation that employed Plaintiff
14  Christopher Clark within the meaning of the FLSA, 29 USC 201 *et seq* that has its
15  primary place of business in Pendleton, Oregon.  This company is owned by Defendant
    David Lindell and Defendant Terry Lindell.
16
17

3.

18  Defendant David Lindell is a natural person who suffered and permitted Plaintiff
19  Christopher Clark to work at Defendant Lindell Auto Salvage Inc and directed his day to
20  day activities.  He was an employer of  Plaintiff Christopher Clark within the meaning of
    the FLSA, 29 USC 201 *et seq*.
21
22

4.

23  Defendant Terry Lindell is a natural person who suffered and permitted Plaintiff
24  Christopher Clark to work at Defendant Lindell Auto Salvage Inc and is a majority
    shareholder of Defendant Lindell Auto Salvage Inc.  He was an employer of  Plaintiff
    Christopher Clark within the meaning of the FLSA, 29 USC 201 *et seq*..

                              FACTS

PAGE 2 –COMPLAINT

1

2                                                  5.

3          In May 2006, Plaintiff was hired by defendants to work in their automobile

4    towing business.

5                                                  6.

6          Lindell's Auto Salvage Inc is a twenty-four hour, three hundred sixty five day a

7    year operation towing vehicles that have become disabled, are being impounded, or are

8    otherwise in need of towing.  Many of the vehicles towed are engaged in interstate travel

9    upon Interstate 84.

10                                                 7.

11         Plaintiff was responsible for nearly all calls that came into the business during his

12   time working for the defendants.  He was responsible for 24 hour service almost 365 days

13   per year.  Plaintiff's usual rate of pay was $16 per hour, but defendants did not pay him

14   for his hours worked.

15                                                 8.

16         Plaintiff was responsible to operate the phone for the towing business and respond

17   to all calls occurring at any time during the day unless he was specifically relieved by

18   another person.  Plaintiff was rarely relieved and never relieved for a significant amount

19   of time.

20                                                 9.

21         Plaintiff was required to live on the premises for the towing business so that he

22   would be able to respond to calls instantly, would be available to people seeking to

23   retrieve their vehicles from impound at any hour, and keep the impound lot from being

24   trespassed upon.

                                                   10.

           The terms of plaintiff's employment required that plaintiff be available at all

     times for his duties and that any time off required the permission of the defendants.

PAGE 3 –COMPLAINT

MICHAEL BREILING
Attorney at Law
225 SW Emigrant
Pendleton, Oregon 97850
(541)278-9625 michaelbreiling@yahoo.com

1

2              FIRST ALTERNATIVE CLAIM FOR RELIEF
                  (29 USC 206, Unpaid Minimum Wage)
3                                    11.

4       Paragraphs 1 through 10 are restated and reincorporated here.

5                                    12.

6       Defendants paid plaintiff far less minimum wage for the hours worked by

7   plaintiff. Defendants failed to pay plaintiff at least minimum wage for all hours that he

8   worked in violation of 29 USC sec. 206.

9                                    13.

10      Defendant's wilful failure to pay the minimum wage for all hours worked each

11  workweek showed a reckless disregard for the requirements of the FLSA and was a

12  wilful violation of the law.

13                                   14.

14      As a result of defendant's unlawful acts, plaintiff is entitled to back pay for

15  unpaid minimum wage for each week worked throughout the period of his employment,

16  plus an additional amount as liquidated damages.

17                                   15.

18      As a further result of defendants' unlawful acts, plaintiff is entitled to recovery of

19  reasonable attorney fees and costs pursuing this action.

20              SECOND ALTERNATIVE CLAIM FOR RELIEF

21                  (29 USC sec. 207 Unpaid Overtime)

22                                   16.

23      Paragraphs 1 through 10 are restated and reincorporated here.

24                                   17.

    By the acts described above, defendants failed to pay plaintiff overtime at a rate

of 1.5 times his regular pay for hours worked in excess of 40 hours per week.


PAGE 4 –COMPLAINT

MICHAEL BREILING
Attorney at Law
225 SW Emigrant
Pendleton, Oregon 97850
(541)278-9625 michaelbreiling@yahoo.com

1

2                                          18.

3          Defendant's wilful failure to pay the statutory overtime wage for all hours worked

4   in excess of forty hours each workweek showed a reckless disregard for the requirements

5   of the FLSA and was a wilful violation of the law.

6

7                                          19.

8          As a result of defendant's unlawful acts, plaintiff is entitled to back pay for all

9   hours worked in excess of forty hours each workweek worked throughout the period of

10  his employment, plus an additional amount as liquidated damages.

11                                         20.

12         As a further result of defendants' unlawful acts, plaintiff is entitled to recovery of

13  reasonable attorney fees and costs pursuing this action.

14                            THIRD CLAIM FOR RELIEF

15                            (ORS 652.150, Penalty Wage)

16                                         21.

17         Paragraphs 1 through 20 are restated and reincorporated here.

18                                         15.

19         ORS 652.140 provides that all wages that have been earned but not paid become

20  due and payable no later than the next regularly scheduled pay day after employment is

21  terminated.

22                                         16.

23         By failing to pay plaintiff minimum wage and overtime pay for all hours worked,

24  defendants failed to pay all wages due and owing to plaintiff at the time the employment

    relationship ended.  In addition, when plaintiff confronted defendant David Lindell about

    his earned, but unpaid wages, defendant David Lindell said, "Why should I give you your

PAGE 5 –COMPLAINT

MICHAEL BREILING
Attorney at Law
225 SW Emigrant
Pendleton, Oregon 97850
(541)278-9625 michaelbreiling@yahoo.com

1
2  last check? If you are going to sue me, you might as well sue me for your last check as
3  well".

4                                              17.

5        As a result of these violations, plaintiff is entitled to a penalty wage under ORS
6  652.150 as well as costs and reasonable attorneys fees.

7
8                                    PRAYER FOR RELIEF
9  WHEREFORE, Plaintiff prays for relief as follows:

10       (a)     On the First Claim for Relief, for judgment against Defendants, jointly
11               and severally, in the amount of $258,048;

12       (b)     On the Second Claim for Relief For judgment against Defendants, jointly
13               and severally, in the amount of $294,912;

14       ( )     On the Third Claim for Relief penalty wages in the amount of $2,752 and
15               the plaintiff's reasonable attorneys fees;

16       (f)     For such costs and disbursements in bringing this action as the Court may
17               allow; and

18       (g)     For such other relief as the Court deems just and equitable.

19

20       Dated this  day of December 30, 2016.

21
22
23
24                                          Michael Breiling, #952180
                                            Of Attorneys for Plaintiff


PAGE 6 –COMPLAINT

MICHAEL BREILING
Attorney at Law
225 SW Emigrant
Pendleton, Oregon 97850
(541)278-9625 michaelbreiling@yahoo.com